# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 3:12CR00035 |
| | ) (CASE NO. 3:18CV81317) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| DEWAYNE ROY WILSON, | ) By: Hon. Glen C. Conrad |
| | ) Senior United States District Judge |
| Defendant. | ) |

DeWayne Roy Wilson, a federal inmate proceeding pro se, filed a pleading that he titled: "Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6)," which the court construed as motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. After consideration of the record, the court concludes that § 2255 motion must be summarily dismissed as successive.

Wilson is confined pursuant to the judgment of this court entered in August 2013, whereby he was convicted of conspiracy to distribute 100 grams or more of heroin and related offenses and sentenced to four concurrent terms of 168 months in prison. This judgment was affirmed on appeal. United States v. Wilson, 570 F. App'x 341 (4th Cir. 2014). In April 2015, Wilson filed a § 2255 motion alleging Fourth Amendment and Confrontation Clause violations, several counts of ineffective assistance of counsel, and court errors in sentence calculations. The court granted the government's motion to dismiss upon finding that Wilson had not established any claim of ineffective assistance of counsel and that his remaining claims were both procedurally barred and without merit. See United States v. Wilson, No. 3:12CR00035-001/3:15CV80812, 2016 WL 1192699 (W.D. Va. Mar. 22, 2016), appeal dismissed, 669 F. App'x 108 (4th Cir. 2016), cert. denied, 137 S. Ct. 1608 (2017).

In his current § 2255 motion, Wilson asserts constitutional challenges to various aspects of the criminal proceedings, nearly identical to the issues presented in his prior § 2255 motion:

an alleged warrantless search without probable cause, ineffective assistance by trial and appellate counsel, and denial of his rights under the Confrontation Clause. He complains that none of these § 2255 claims was properly dismissed on procedural default grounds. He does not, however, explain why the court's procedural default ruling was erroneous. Moreover, Wilson ignores the fact that the court also dismissed these claims as without merit. Thus, Wilson's current motion is merely reasserting claims already adjudicated by the court in his prior § 2255 proceeding. As such, his motion is a successive one. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (holding that second habeas motion "attack[ing] the federal court's previous resolution of a claim on the merits is successive under § 2255(h)).

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Wilson offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Accordingly, the court must dismiss his current motion without prejudice as successive. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

ENTER: This 8th day of June, 2018.

_____
Senior United States District Judge