CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 23 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:12CR00035 |
| | ) | (CASE NO. 3:19CV81377) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DEWAYNE ROY WILSON, | ) | By: Hon. Glen C. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

DeWayne Roy Wilson, a federal inmate proceeding pro se, filed a letter/pleading, complaining that the probation officer and the court erred during sentencing proceedings. The court construed Wilson's filing as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. After consideration of the record, the court concludes that § 2255 motion must be summarily dismissed as successive.

Wilson is confined pursuant to the judgment of this court entered in August 2013, whereby he was convicted of conspiracy to distribute 100 grams or more of heroin and related offenses and sentenced to four concurrent terms of 168 months in prison. This judgment was affirmed on appeal. United States v. Wilson, 570 F. App'x 341 (4th Cir. 2014). The court denied Wilson's initial § 2255 motion as procedurally barred and without merit. United States v. Wilson, No. 3:12CR00035-001/3:15CV80812, 2016 WL 1192699 (W.D. Va. Mar. 22, 2016), appeal dismissed, 669 F. App'x 108 (4th Cir. 2016), cert. denied, 137 S. Ct. 1608 (2017).

In his current § 2255 motion, Wilson asserts that the probation officer and the court incorrectly calculated his criminal history points in preparing his presentence investigation report, which allegedly led to assignment of an inaccurate base offense level used at sentencing. Wilson could have raised this claim on appeal or in his prior § 2255 motion, but he failed to do so. As such, his current § 2255 motion is a successive one.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Wilson offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Accordingly, the court must dismiss his current motion without prejudice as successive.[1] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

ENTER: This 3rd day of May, 2019.

_____
Senior United States District Judge

---

[1] Moreover, the court has reviewed the presentence investigation report (ECF No. 130, sealed) and finds no error. Wilson received a subtotal criminal history score of 12, based on the number of prior convictions. Because he committed the offense charged in this case while under a criminal justice sentence for driving on suspended, assault and battery, and three forgery charges, two points were added to his criminal history score, pursuant to United States Sentencing Manual § 4A1.1(d).